**HANLON–WATERS, Inc., Petitioner,**

v.

**The UNITED STATES, Respondent.**

**No. 13434.**

United States Court of Appeals
District of Columbia Circuit.

Argued Jan. 22, 1957.

Decided March 25, 1957.

Mr. Alexander M. Heron, Washington, D. C., for petitioner.

Mr. Harland F. Leathers, Atty., Dept. of Justice, with whom Asst. Atty. Gen. George C. Doub, and Mr. Melvin Richter, Atty., Dept. of Justice, were on the brief, for respondent.

Before WILBUR K. MILLER, BAZELON and FAHY, Circuit Judges.

FAHY, Circuit Judge.

Petitioner, Hanlon-Waters, Inc., entered into a renegotiation agreement with the United States which we have previously held to be a final settlement of the petitioner's excess profits for 1943 from three specified contracts.[1] The case, however, was remanded to the Tax Court for a determination whether the United States, through the Under Secretary of War or his duly authorized representative, exercised his discretion to reopen the renegotiation in accordance with the terms of Paragraph VI of the agreement.[2] The Tax Court, 25 T.C. 1146, held that the Division Engineer, proceeding as the authorized representative of the Under Secretary of War, properly reopened the renegotiation by a letter to petitioner of June 5, 1944, the pertinent part of which is set forth in the margin.[3]

1. Hanlon-Waters, Inc., v. United States, 96 U.S.App.D.C. 5, 222 F.2d 798. Details of the agreement are contained in that opinion.

2. Paragraph VI provides in pertinent part:
"The finding herein shall be deemed a final and conclusive determination of the profits of contractor * * * subject to the right of the Under Secretary of War or his duly authorized representative, (a) to reopen the renegotiation in his discretion at any time within sixty (60) days after the contractor shall have filed with the Under Secretary of War a statement of financial statements provided for in Paragraph V herein, if the actual figures * * * prove to be materially at variance with the estimates on which finding herein was based * * *."

3. The letter states:
"This letter shall also constitute notice, if the same be necessary that, without

Petitioner now challenges this decision on two grounds.

■ 1. It urges that the Division Engineer was not a duly authorized representative of the Under Secretary as the latter had never delegated to the Division Engineer the discretionary right, acquired by the agreement, to reopen the renegotiation. The delegation of authority under which the Division Engineer had entered into the agreement was rescinded by a new delegation of February 26, 1944. Whatever authority the Division Engineer had at the time of the attempt to reopen must stem from this new delegation. It includes the authority:

"to reopen renegotiation with the contractor or subcontractor in cases in which the renegotiation agreement permits such reopening after statements showing the actual result of operations covered by the renegotiation agreement become available."

Petitioner contends that this applies only to agreements entered into subsequent to the delegation since the subject of the delegation was the Under Secretary's authority under the Renegotiation Act and not authority granted him by a contract entered into previous to the delegation.[4] His contractual authority, however, was derived from his statutory authority to insert the reopening clause in renegotiation agreements, section 403(c) (4) of the Renegotiation Act of 1942, 56 Stat. 984, 50 U.S.C.Appendix, § 1191 (1952), 50 U.S.C.A.Appendix, § 1191. A delegation of this statutory authority, containing an explicit grant of the right to reopen renegotiation under agreements of this kind, must be deemed to include a delegation to reopen this agreement even though it was concluded before the date of the delegation.

■ 2. Petitioner also contends that the Division Engineer's letter of June 5, 1944 did not constitute a reopening, even if he had the requisite authority. We lack jurisdiction to review this question. See section 403(e) (1) of the Act. In United States v. Martin Wunderlich Co., 94 U.S.App.D.C. 8, 211 F.2d 433, and also in United States v. Northwest Automatic Products Corp., 100 U.S.App. D.C. ——, 241 F.2d 439, we held that we have no jurisdiction to review a determination of the Tax Court as to the timeliness or commencement of a renegotiation proceeding. And see United States v. California Eastern Line, 348 U.S. 351, 354, 75 S.Ct. 419, 99 L.Ed. 383. The question whether or not the letter of June 5, 1944, constituted a reopening of renegotiation we think is jurisdictionally indistinguishable from the question of timeliness or commencement involved in Wunderlich and Northwest Automatic Products.

Affirmed.

admitting any of the terms or provisions of a renegotiation agreement dated July 16, 1943, and signed by Hanlon-Waters, Inc. included in any way a renegotiation of all or any part of the renegotiable business of said Hanlon-Waters, Inc. for fiscal year ended December 31, 1943, all matters in any wise relating to a consideration of business of said Hanlon-Waters, Inc. for the fiscal year ended December 31, 1943, pursuant to the Renegotiation Act shall be and are hereby reopened."

4. The delegation document states that it is executed "By virtue of the powers, functions and duties vested in the Secretary of War by the Renegotiation Act, or * * * delegated to the Secretary of War and, in turn, delegated to [the Under Secretary of War] * * *."